IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON MARROQUIN GABRIEL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J. L. JAMISON, Warden of the Federal | : | |
| Detention Center, Philadelphia, ET AL. | : | NO. 26-2898 |

## ORDER

**AND NOW**, this 6th day of May, 2026, upon consideration of Petitioner Nelson Marroquin

Gabriel's Petition for Writ of Habeas Corpus (Docket No. 1), and "Respondents' Opposition to

Petition for Writ of Habeas Corpus," **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1] Nelson Marroquin Gabriel is a citizen of Guatemala, who entered the United States without inspection in 2018. (Pet. ¶¶ 1, 24.) Petitioner settled in Chester, Pennsylvania, where he has now lived for eight years. (Id. ¶ 3.) Petitioner is married and has two children who reside in Guatemala. (Id. ¶ 4.) There is no suggestion in the parties' filings that Petitioner has any criminal history. Nevertheless, on May 1, 2026, Petitioner was arrested by ICE. (Id. ¶ 6.) He has since been detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and placed in removal proceedings. (See Resp'ts Opp'n at 3 & Ex. A.)

Petitioner challenges the lawfulness of his detention on statutory grounds and as a matter of due process. The Government opposes the Petition. It argues, just as it has argued in hundreds of similar cases in this District, that we should deny the Petition because (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process. However, "courts in this District and across the country have repeatedly held [that] these arguments are unavailing." Benitez Villa v. JL Jamison, Civ. A. No. 26-1926, 2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); see also Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (stating that by February 13, 2026 "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the INA" in "201 decisions, all granting 'undocumented immigrants' habeas relief").

Significantly, the Government acknowledges that "all courts in this district (and many more elsewhere)" have rejected its position that individuals like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Gov't Opp'n at 5 (citations omitted).) We previously analyzed this issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025), and concluded that it is unlawful to subject noncitizens who have been residing in this country without incident to mandatory detention under § 1225(b)(2). Id. at *5-6. Notably, a panel of Second Circuit judges has since unanimously held the same, "join[ing] the overwhelming majority of federal judges across the Nation" in concluding

2. Marroquin Gabriel is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

3. The Government shall immediately **RELEASE** Marroquin Gabriel from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than 2:00 p.m. on Friday, May 8, 2026, a certification of Marroquin Gabriel's custody status.

5. If the Government chooses to pursue re-detention of Marroquin Gabriel pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

BY THE COURT:
/s/ John R. Padova, J.

_____

John R. Padova, J.

---

that the "plain text" of § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Barbosa da Cunha v. Freden, -- F.4th --, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); see also Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding, in the context of a motion for a stay pending appeal, that the Government was not likely to succeed on its argument that noncitizens already residing in the United States are subject to mandatory detention under § 1225(b)(2)(A)). We acknowledge that divided panels of the Fifth and Eighth Circuits have found otherwise, declaring the Government's interpretation of § 1225 to be correct. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1134 (8th Cir. 2026). However, we find the reasoning in Barbosa da Cunha to be more persuasive. Indeed, the Second Circuit's reasoning is consistent with our own analysis in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected the Government's arguments. See, e.g., Kashranov v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; Benitez Villa, 2026 WL 907582.

Accordingly, for the reasons set forth in Hurtado and the multitude of other consistent opinions in this District, we grant the instant Petition, concluding that Government does not have authority to detain Petitioner without a bond hearing under § 1225(b)(2).

2